OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Under a special statute relating to workers’ compensation claims for occupational hearing loss, claims must be filed, in cases of delayed discovery, within 90 days after "knowledge” that the hearing loss is causally related to the employment (Workers’ Compensation Law § 49-bb). Where the employee himself attributed a recognized hearing loss to occupational noise exposure, but did not medically confirm that belief for more than 10 years, when was there "knowledge” sufficient to trigger the 90-day limitations period? We conclude that the statute’s knowledge requirement was satisfied, and the 90-day period commenced, by the employee’s own admitted awareness of injury and causation, even in the absence of formal medical diagnosis.
 

 Claimant was hired in 1948 as a laborer in the shop area of Farrar & Trefts (now Adsco Manufacturing Corp.), a boilermaker and metal fabricator. For 34 years he was regularly
 
 *596
 
 exposed to what he described as "[vjery, very heavy noises” caused by riveting, hammering and other heavy metalwork. Claimant left Adsco in June 1980 and has not been exposed to loud noise in subsequent employment. Nearly 10 years later, in December 1989, claimant filed a workers’ compensation claim for hearing loss caused by exposure to injurious noise while employed by Adsco/Farrar & Trefts. Adsco’s workers’ compensation carrier, the State Insurance Fund, controverted the claim on several grounds, primarily untimeliness.
 

 Approximately a year later, in November 1990, claimant was fitted for a hearing aid and in January 1991 was examined by Dr. Sayeed Nabi, an otolaryngologist, who diagnosed a "noise induced, moderate to severe neurosensory hearing loss” of 41.9%. According to claimant, Dr. Nabi was the first to inform him that his hearing loss had been caused by occupational noise.
 

 At the workers’ compensation hearing, claimant conceded that he had noticed a hearing loss some time in 1980. When asked if he knew at that time "that your hearing problem was due to your work at Adsco” claimant testified: "Oh yes, it had to be. It’s the only place it could have been.” The carrier presented the opinion of its expert that claimant’s hearing loss was only 31.2%. The Workers’ Compensation Law Judge (WCLJ) concluded that the claim was timely filed within 90 days of the medical diagnosis, found that claimant had suffered a 31.2% hearing loss, and awarded compensation of $105 per week for 46.3 weeks from the date of disablement, found to be July 1, 1980.
 

 The Workers’ Compensation Board reversed and dismissed the claim as untimely, finding that "Claimant admitted that he knew ten years ago his hearing problem was work related.” The Appellate Division reversed and reinstated the claim, holding that only
 
 r'actual
 
 (i.e., medically based) * * * knowledge” — a medical diagnosis of work-related hearing loss— would trigger the 90-day limitations period (195 AD2d 74, 77). Upon the court’s remittitur for recomputation of the award, the parties stipulated to a 36.55% hearing loss, and the WCLJ awarded claimant compensation of $105 per week for 54.825 weeks. We granted leave to respondents Adsco, State Insurance Fund and Workers’ Compensation Board, and now reverse.
 

 Statutes of Limitation represent the balance struck by the Legislature between the competing concerns of plaintiffs in
 
 *597
 
 being afforded a reasonable time to bring their claims and defendants in not having to resist stale claims
 
 (see, United States v Kubrick,
 
 444 US 111, 117). Occupational diseases, however, which may manifest themselves — and their relationship to the employment — slowly, alter this balance in favor of delaying commencement of the limitations period until the nature of the problem is clear
 
 (see, Urie v Thompson,
 
 337 US 163,170).
 

 In 1920 the Legislature specifically authorized workers’ compensation for occupational diseases
 
 (see,
 
 Workers’ Compensation Law art 3; L 1920, ch 538), and in 1958 provided particularly for occupational hearing loss
 
 (see,
 
 Workers’ Compensation Law art 3-A, added by L 1958, ch 974). Hearing loss, unlike other occupational diseases, may be reversible if the injured worker is removed from the harmful exposure, and the statute therefore makes such claims payable only after a three-month separation from exposure to the harmful noise (Workers’ Compensation Law § 49-bb;
 
 see generally,
 
 IB Larson, Workmen’s Compensation § 41.52). The lapse of time permits accurate assessment of the extent of the hearing loss after any temporary loss subsides
 
 (see,
 
 Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 49-bb, at 622).
 

 While claims must generally be brought within two years after the date of disablement
 
 (see,
 
 Workers’ Compensation Law §§ 28, 38), the statute treats hearing loss differently from other occupational diseases in cases of the claimant’s delayed discovery. Claims for occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment” (Workers’ Compensation Law § 28). By contrast, occupational hearing loss claims are timely if filed "after such two year period within ninety days after knowledge that the loss of hearing is or was due to the nature of the employment” (Workers’ Compensation Law § 49-bb). The two-year limitations period was provided for all occupational diseases except occupational hearing loss because "the period of 90 days after knowledge is too short a time for a claimant who is seriously ill to be allowed to file a claim”
 
 (see,
 
 Mem of Workers’ Compensation Bd, reprinted in 1984 McKinney’s Session Laws of NY, at 3387, 3388;
 
 see also,
 
 L 1984, ch 659).
 

 There is no dispute that the claim at issue was filed more
 
 *598
 
 than two years after the date of disablement, found to be July 1, 1980. There is likewise no dispute that claimant actually knew in 1980 that he had a hearing loss caused by his work at Adsco. The only question is when the 90-day limitations period set forth in section 49-bb commenced — with claimant’s knowledge, or only upon formal medical confirmation.
 

 Urging that we adopt the Appellate Division’s conclusion, claimant contends that he had the requisite statutory "knowledge” of the cause of his hearing loss only after Dr. Nabi’s diagnosis in January 1991. Respondents answer that the statute simply requires "knowledge,” not a medical diagnosis, and that we must in any event defer to the Board’s interpretation of the statutory scheme. While we disagree that the Board’s interpretation of the statutory term "knowledge” — a law question — is entitled to deference
 
 (see, Matter of Thomas v Bethlehem Steel Corp.,
 
 63 NY2d 150, 154), we agree with respondents that a medical diagnosis is not an invariable requirement of "knowledge” under Workers’ Compensation Law § 49-bb, and that in this case claimant’s conceded awareness of his condition and its cause triggered the limitations period.
 

 In an analogous case,
 
 United States v Kubrick
 
 (444 US 111), the Supreme Court rejected plaintiffs contention that his medical malpractice claim accrued under the Federal Tort Claims Act only after he was informed of the hospital’s negligence, despite his own admission that he had known of his injury (hearing loss) and its probable cause (exposure to neomycin) within a year of discharge from the hospital. The Court was:
 

 "unconvinced that for statute of limitations purposes a plaintiffs ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask.”
 
 (Id.,
 
 at 122.)
 

 For much the same reason, claimant’s argument that only a
 
 *599
 
 medical diagnosis can trigger the section 49-bb limitations period must be rejected
 
 (see also,
 
 2B Larson, Workmen’s Compensation § 78.41 [d], at 15-271 ["it is not necessary for the claimant to know the exact diagnosis or medical name for the condition if he or she knows enough about its nature to realize that it is both serious and work-connected”]). As in
 
 Kubrick,
 
 claimant, "armed with the facts about the harm done to him, [could have protected] himself by seeking advice in the medical and legal community.” (444 US, at 123.)
 
 *
 

 Claimant is properly chargeable with his decade-long delay in seeking the medical or legal assistance necessary to lodge his claim. Were we to accept as a rigid rule that the limitations period is commenced only upon a medical diagnosis, accrual of claims for hearing loss — a condition readily appreciated by laypersons, not requiring expert medical knowledge or diagnosis — would be entirely within a claimant’s control. Indeed, in this case, claimant delayed seeking a formal diagnosis until more than a year after filing his claim. Employers would have no recourse against injured workers who delay for years, if not decades, before seeking a medical diagnosis for the purpose of finally pursuing their claims. Such delay serves neither the interest in affording a
 
 reasonable
 
 time in which to bring claims nor the interest in putting stale claims to rest.
 

 In that a medical diagnosis is not an invariable requirement of "knowledge” for purposes of commencing the section 49-bb limitations period and, as the Board found, claimant was aware of both his injury and its probable cause during 1980, we conclude that his claim filed more than two years from the date of disablement
 
 (see,
 
 Workers’ Compensation Law § 28) was properly dismissed as untimely.
 

 Accordingly, the decision of the Workers’ Compensation Board appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the claim dismissed.
 

 
 *600
 
 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Decision of the Workers’ Compensation Board appealed from and order of the Appellate Division brought up for review reversed, etc.
 

 *
 

 Other jurisdictions have reached a similar conclusion
 
 (see, Frasure v Union Pac. R. R. Co.,
 
 782 F Supp 477 [CD Cal 1991];
 
 Jones v Maine Cent. R. R. Co.,
 
 690 F Supp 73 [D Me 1988];
 
 McCoy v Union Pac. R. R. Co.,
 
 102 Ore App 620, 796 P2d 646 [1990];
 
 see also,
 
 McCombs,
 
 Occupational Hearing-Loss and the FELA: When Does the Cause of Action Accrue?,
 
 44 Ala L Rev 555, 570-571 [1993] ["summary judgment on the issue of an expired statute of limitations is only appropriate (where) there is uncontradicted testimony that the plaintiff knew of the occupational disease and that the occupational disease was work-related more than three years before the date of filing suit”]).