◼ In the Matter of the Claim of John A. White, Respondent, v Tougher Industries et al., Appellants. Workers' Compensation Board, Respondent. [674 NYS2d 876] —Appeal from a decision of the Workers' Compensation Board, filed February 24, 1997, which ruled that claimant timely filed a claim for workers' compensation benefits.

Claimant, a sheet metal worker, began suffering from hearing loss in 1989. In December 1994, he filed a claim for workers' compensation benefits alleging that the hearing loss was caused by his work. The Workers' Compensation Board found that claimant did not have knowledge that the hearing loss was work related until it was medically diagnosed in January 1995 and, therefore, the claim was timely filed pursuant to Workers' Compensation Law § 49-bb. We affirm.

Workers' Compensation Law § 49-bb provides that a claim for benefits based upon occupational hearing loss which is not filed within two years of the date of disablement is nonetheless timely if filed within 90 days after the claimant acquires knowledge that the hearing loss is work related. Here, claimant's suspicions regarding the relationship between his work and his hearing loss that led him to file the claim for benefits were insufficient to satisfy the knowledge requirement, therefore triggering the 90-day period (*see generally, Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859). While we recognize that it is unnecessary for a claimant to obtain a medical diagnosis of occupational hearing loss in order to satisfy the knowledge requirement and commence the 90-day period (*see, Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593), in this case the record supports the finding that claimant did not acquire the requisite knowledge until his condition was medically diagnosed in January 1995. Inasmuch as the claim for benefits was filed prior to this triggering event, we find no reason to disturb the Board's decision.

Mikoll, J. P., White, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.