■ In the Matter of the Claim of HARRY MARSHALL, Appellant, v MURNANE ASSOCIATES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [699 NYS2d 585] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed January 7, 1998, which ruled that claimant did not sustain an accident arising out of and in the course of employment and denied his claim for workers' compensation benefits.

Claimant, a construction laborer, filed a claim for workers' compensation benefits based upon allegations that he injured his knee when a heavy shower stall that he and three co-workers were carrying fell on his leg. The Workers' Compensation Board found that claimant's testimony regarding the happening of the incident was incredible and denied his claim. Claimant appeals.

The shower stall was approximately three feet by three feet by seven feet. John Carey, a co-worker, testified that he and claimant were carrying one end of the shower stall when he tripped and fell, causing him to lose his grip on the unit. According to Carey, the shower stall fell and landed on him, injuring three of his toes. Carey testified that although he believed

---

* Dawn OO. failed to appear.

that claimant fell also, he was not otherwise aware of what happened to claimant. Claimant concedes that when the incident occurred, he did not complain of any injury to his supervisor, who was nearby. He continued to work until he was laid off and did not seek medical treatment or report the injury to the employer until several weeks later. The employer's project superintendent, who conducted an investigation after claimant reported an injury, found no one present at the time of the incident who could substantiate claimant's claim that the shower stall fell on his leg and injured his knee.

The Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record (see, Matter of Hercules v United Artists Communications, 176 AD2d 998, 999). Based upon the evidence in the record in this case, the Board could rationally conclude that although the shower stall fell while claimant and his co-workers were carrying it, it did not fall on claimant's leg as he testified and, therefore, he did not sustain an accident arising out of and in the course of employment.

Claimant contends that the failure of the Workers' Compensation Law Judge to require testimony from the two co-workers who were carrying the other end of the shower stall constitutes reversible error. At the last of the hearings, however, claimant's attorney noted that the two co-workers "are not present and are not going to be produced, so I believe we can conclude the testimony today". Nor does it appear that claimant raised the issue in his appeal to the Board. In any event, there is nothing in the record to indicate that the two co-workers were in a position to observe what happened to claimant at the opposite end of the large shower stall. We have considered claimant's remaining arguments and find them lacking in merit.

Mercure, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.