■ In the Matter of the Claim of GORDON E. MARSHALL, JR., Appellant, v ELF ATOCHEM NORTH AMERICA, INC., et al.,

Respondents. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 822] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 24, 2000, which, *inter alia*, ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, an employee of Elf Atochem North America, Inc. (hereinafter the employer), alleged that he suffered a low back injury while lifting a 350-pound drum on October 24, 1995. Claimant missed the next two days of work and continued to miss time from work until May 7, 1996, when he stopped working for the employer as a result of his back problems. Claimant applied for workers' compensation benefits in May 1997, but his claim was timely controverted on a number of issues by the employer's workers' compensation carrier. After hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that "claimant's back condition appears mechanical in nature, and not the result of a workers' compensation related injury" and disallowed his claim. Upon review, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant appeals and we now affirm.

The Board has "broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672). If that resolution is based on substantial evidence in the record, it will not be disturbed (*see, Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 843), even if the evidence would support a different result (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820). Our review of the record reveals that the Board's determination is supported by substantial evidence.

Claimant alleges that he injured his lower back in a work-related accident on October 24, 1995 and reported the accident to two supervisors and filled out an accident report. However, the employer denies receiving notice of the accident and no report or other mention of it was found in the employer's records. Furthermore, none of claimant's medical records reflect the historical fact that claimant sustained a work-related injury on October 24, 1995. Moreover, the employer's occupational health administrator testified that claimant told her several times that his back injury was not work related. Given the Board's authority in such matters (*see, Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741; *Matter of Marshall v Murnane Assocs.*, 267 AD2d 639, 640, *lv*

*denied* 94 NY2d 762) and the substantial evidence in the record supporting the employer's position that no accident occurred at work on October 24, 1995, we find no reason to disturb the Board's determination.

Claimant's other arguments have been considered and rejected as without merit.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.