■ In the Matter of the Claim of JANE PHILLIPS, Respondent, v CORNELL UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [737 NYS2d 395] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 26, 2001, which ruled that claimant's application for benefits was timely filed.

Claimant worked for Cornell University in several of its dining halls for 23 years. During her final seven years, her duties involved increased heavy lifting and repetitive motions using her arms. In the early 1990s, she began experiencing pain in her left elbow and forearm. She consulted with Richard Tobin, her family physician, who diagnosed tendinitis; he prescribed ibuprofen. Claimant testified that while she attributed her arm

pain to her employment, she did not discuss this with Tobin. Although Tobin did suggest that she remain out of work for three days, she did not follow his advice.

Claimant continued to periodically treat with Tobin for arm pain from 1990 through 1997. She was ultimately referred to Jody Stackman, a neurologist, in 1997 for a nerve conduction study which yielded normal results. Again, claimant did not discuss with Stackman whether her job was contributing to her physical condition. Due to persisting problems with her left arm, claimant was again referred to Stackman in 1999 for a follow-up evaluation. In a report, Stackman detailed that claimant had been experiencing aching pains in her arms, predominately the left, but had "no history of neck pain or radicular symptoms, nor paresthesias initially of the hand and arm, nor any localized redness, swelling, nor warmth there." Diagnosing her with "overuse syndrome" and suggesting that she commence physical therapy, he set forth a plan for further testing to ascertain, inter alia, the existence of collagen vascular disease.

Claimant's physical condition steadily worsened, with the pain beginning to move into her shoulders and wrists. It culminated on February 14, 2000 when she experienced pain radiating into her chest while at work. Alarmed over her symptoms, she filled out an accident report, which instituted her workers' compensation claim, and again sought treatment with Stackman. In a May 1, 2000 report, Stackman noted claimant's significant regression since January 2000 and diagnosed her with "overuse syndrome." He further ordered her to remain out of work as of May 1, 2000. At the hearing held on August 9, 2000, claimant testified that she was taking several prescribed medications for pain management and was treating with Stackman, as well as a chiropractor and physical therapist.

By decision filed April 25, 2000, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence supporting claimant's injury. In a decision dated December 7, 2000, the WCLJ determined that claimant suffered from an occupational disease which included her neck, both shoulders and arms, and set the date of her disablement as February 14, 2000. The employer and its workers' compensation carrier appealed the WCLJ's decision to the Worker's Compensation Board, contending that the claim was time barred by Workers' Compensation Law § 28. The Board affirmed the WCLJ's decision, finding that there was sufficient evidence that claimant did not know that her medical condi-

tion was work-related more than two years before the filing of her claim. Both the employer and the carrier (hereinafter collectively referred to as the employer) appeal.

We affirm. Workers' Compensation Law § 28 requires that a claim for an occupational disease be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; *see, Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 597; *Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661, *lv dismissed* 95 NY2d 926; *Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, 639, *lv denied* 94 NY2d 759). With the Board accorded great latitude in determining the date of disablement (*see,* Workers' Compensation Law § 42; *Matter of Hastings v Fairport Cent. School Dist., supra* at 661; *Matter of Graniero v Northern Westchester Hosp., supra* at 639), we can find no reason to disturb the decision rendered since it is supported by substantial evidence (*see, Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934).

Although the record reveals that claimant received medical treatment for the tendinitis of her left elbow and forearm in the early 1990s, the current claim concerned radiating pain from her arms through her shoulders and neck, which ultimately led to the stabbing pain in her chest on February 14, 2000. The record confirms that claimant had no complaints involving areas other than her arms until June 17, 1999 and that the nerve conduction study performed in 1997 was normal. Claimant missed no work prior to May 2000 and no testimony, expert or otherwise, was offered to support a finding that she knew or should have known that prior to June 1999, her complaints could be attributed to her employment when no medical doctor with whom she treated had reached such conclusion. Hence, with the Board empowered "to resolve factual issues based [up]on [its assessment of the] credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672; *see, Matter of Marshall v Elf Atochem N. Am., supra* at 934), sufficient evidence supports the Board's determination that the claim was timely filed (*see,* Workers' Compensation Law § 28).

As to any further contentions regarding the sufficiency of the evidence, we note that the August 9, 2000 hearing was adjourned for the production of medical records and for the employer to provide an independent medical examination report. At the November 29, 2000 hearing, no such report was

presented, no further requests were made for an adjournment nor were any objections raised when the parties were advised by the WCLJ that the decision would be rendered in the absence of the additional evidence. For these reasons, we decline further review of that issue (*see, Matter of Nappi v Bell Atl. Corp./NYNEX*, 284 AD2d 877, 878).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.