■ In the Matter of the Claim of the Estate of JOHN R. CAGLE, Deceased, Appellant, v WHITE AUTO PARTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [747 NYS2d 600] —Rose, J.

Decedent, an auto parts salesperson, suffered a back injury at work on December 2, 1988. On October 29, 1990, while his claim for workers' compensation benefits was pending, decedent died from ventricular fibrillation. Decedent's widow (hereinafter claimant) filed a claim for death benefits alleging that the death was consequential to decedent's back injury. The claim was dismissed based upon a lack of medical evidence. On September 10, 1993, claimant filed a second claim for workers' compensation death benefits alleging that decedent's death was causally related to occupational stress. By notice of decision filed January 23, 2001, the Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim as untimely,

and the Workers' Compensation Board upheld the decision. Claimant appeals.*

Workers' Compensation Law § 28 provides that the right to claim workers' compensation death benefits is barred unless the claim is filed within two years after the death. "[T]he issue of whether a claim has been timely filed is a factual determination for the Board which must be upheld if supported by substantial evidence" (*Matter of Zugibe v Cornell & Co.*, 277 AD2d 726, 727; *see Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 754).

In this case, claimant contends that the issue of occupational stress as a cause of death was raised at a December 4, 1990 hearing on the initial claim and memorialized in the December 17, 1990 decision. Upon review of the record, however, we agree with the Board that the issue of causally related death was raised at that hearing only in the context of a consequential death claim related to decedent's back injury. Therefore, the decision in that case does not satisfy the filing requirements of Workers' Compensation Law § 28 with regard to the new claim, as nothing contained therein would provide notice of a claim for benefits based on a different theory of death, namely occupational stress (*cf. Matter of McCutcheon v Public Serv. Dept.*, 290 AD2d 679).

In addition, we conclude that there was substantial evidence to support the Board's finding that claimant failed to prove mental incompetency pursuant to Workers' Compensation Law § 115, which provides that "[n]o limitation of time as provided in this chapter shall run as against any person who is mentally incompetent * * * so long as he has no committee or guardian." The toll is available " 'to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society' " (*Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812, quoting *McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548; *see Matter of Diamond v Bache & Co.*, 64 AD2d 749, 749). While claimant offered the testimony of her daughter and her treating nephrologist indicating that, for at least part of the period at issue, she was suffering from "clouded mentation" due to uremic poisoning brought on by renal failure, the workers' compensation carrier presented the report of a psychiatrist who concluded, based upon his review of the medical records, that claimant was competent and that there was no indication that she was not managing her day to day activities. "The choice between

---

* Claimant died in January 2000 and decedent's estate is now the legal beneficiary.

conflicting medical opinions is exclusively with the [B]oard if its decision is supported by substantial evidence" (*Matter of Bellinger v Perini Corp.*, 28 AD2d 1044, 1044 [citations omitted]). Under the circumstances, we see no reason to disturb the Board's finding with regard to this issue.

Finally, we agree with the Board's decision that the record does not support the claim that the two-year filing period did not commence until claimant "knew or should have known" that decedent suffered from an occupational disease (Workers' Compensation Law § 28). " 'An "occupational disease" derives from the very *nature* of the employment, not a specific condition peculiar to the employee's place of work' " (*Matter of Leventer v Yeshiva of Flatbush*, 257 AD2d 903, 904, quoting *Matter of Mack v County of Rockland*, 71 NY2d 1008, 1009 [emphasis in original]; *see Matter of Bryant v City of New York*, 252 AD2d 777, 777, *lv denied* 92 NY2d 813). Based on the evidence adduced in this case, the Board properly concluded that the stress suffered by decedent was "related to the faltering financial situation of the particular business," rather than to the very nature of his employment as a parts store manager. We agree that claimant failed to show a recognizable link between decedent's condition and a distinctive feature of his occupation, as opposed to his particular place of work and, hence, the date when claimant "knew or should have known" that decedent's death was caused by stress incurred at work is not relevant (*see Matter of Phillips v Cornell Univ.*, 290 AD2d 860, 862).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.