Matter of Markolovic v MTA Bus Eastchester Depot (2019 NY Slip Op 05832)





Matter of Markolovic v MTA Bus Eastchester Depot


2019 NY Slip Op 05832


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527976

[*1]In the Matter of the Claim of NIKA MARKOLOVIC, Appellant,
v
MTA BUS EASTCHESTER DEPOT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Law Offices of Joseph A. Romano, PC, New York City (Joseph A. Romano of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for MTA Bus Eastchester Depot and another, respondents.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed April 24, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.12 (b) (4) (v) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a bus driver, retired after 36 years of service on March 31, 2017. On July 7, 2017, claimant filed a claim for workers' compensation benefits alleging that he had sustained hearing loss due to prolonged exposure to "loud environmental work noise." The self-insured employer controverted the claim contending, among other things, that claimant failed to file the claim within the time limit provided in Workers' Compensation Law § 28. During the course of hearings, claimant acknowledged that he first learned of his hearing loss following an employer-required physical conducted three or four years earlier, prompting the attorney for the employer to ask that the claim be disallowed as time-barred. In response, claimant's attorney stated, "I agree with counsel, claimant did learn about the hearing loss three, four years ago. [I]t is unfortunate the claim was filed in 2017." The Workers' Compensation Law Judge (hereinafter WCLJ) agreed and disallowed the claim as time-barred. Claimant thereafter sought review by the Workers' Compensation Board, contending for [*2]the first time that the claim was timely under Workers' Compensation Law § 49-bb. The Board disallowed the claim, citing claimant's failure to "interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]). This appeal by claimant ensued.
We affirm. Upon an application for administrative review, the appealing party "shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and, further, "shall specify the objection or exception that was interposed to the [contested] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). Consistent with these requirements, the Board may deny an application for review "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]; see Matter of Sweeney v Air Stream A.C. Co., 167 AD3d 1222, 1222-1223 [2018], lv denied 33 NY3d 903 [2019]).
Claimant cited the applicability of the two-year statute of limitations set forth in Workers' Compensation Law § 28 as the basis for the appeal, thus satisfying the requirements of 12 NYCRR 300.13 (b) (2) (i), but he failed to specify the objection or exception taken as required by 12 NYCRR 300.13 (b) (2) (ii), stating instead that his objection was "as per [his] appeal." As amplified by the accompanying correspondence from counsel, claimant argued that his claim was timely under Workers' Compensation Law § 49-bb, which excuses the failure to file "[a] claim for loss of hearing . . . within the two year period prescribed by [Workers' Compensation Law § 28], provided such claim shall be filed after such two year period within ninety days after knowledge that the loss of hearing is or was due to the nature of the employment" (see Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d 593, 597 [1994]). Although the timeliness of the claim was addressed at the hearing, claimant's counsel did not dispute the employer's contention that the claim was time-barred under Workers' Compensation Law § 28 — indeed, counsel effectively conceded that the claim was untimely — nor did counsel assert that the claim would have been timely under Workers' Compensation Law § 49-bb or seek further development of the record on this point. Under these circumstances, we cannot say that the Board abused its discretion in declining to review the WCLJ's decision based upon claimant's failure to interpose a specific objection or exception as required (see 12 NYCRR 300.13 [b] [4] [v]; Matter of Sweeney v Air Stream A.C. Co., 167 AD3d at 1223). Claimant's remaining arguments, to the extent not specifically addressed, are either not properly before us or have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.