Matter of Chojnowski v PAR Envtl. Corp. (2019 NY Slip Op 05822)





Matter of Chojnowski v PAR Envtl. Corp.


2019 NY Slip Op 05822


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527540

[*1]In the Matter of the Claim of FRANCISZEK CHOJNOWSKI, Appellant,
v
PAR ENVIRONMENTAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Geoffrey Schotter, New York City, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for PAR Environmental Corporation and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 8, 2018, which ruled that claimant's claim for hearing loss was barred by Workers' Compensation Law § 28.
Claimant, an asbestos handler since 1999, worked in that capacity for multiple employers until he had an unrelated injury and stopped working on July 19, 2003. Claimant filed a claim for workers' compensation benefits on July 24, 2017, alleging that his hearing loss was due to prolonged and repeated exposure to loud noise and that the date of the onset of his hearing loss was October 19, 2003. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim and argued, among other things, that it was untimely under Workers' Compensation Law §§ 28 and 49-bb.
The record contains partial medical records from Robert Lerch, an otolaryngologist who claimant first consulted in 2005. Lerch performed an audiogram on September 14, 2005 documenting claimant's hearing loss and saw him again in 2011 and 2014, but there is no accompanying report or opinion as to causal connection. The record also reflects that claimant was examined in July 2017 by Michael Alleva, an otolaryngologist, who ordered an audiogram and concluded that claimant had a bilateral hearing loss of 78%. Alleva found it reasonable to conclude, in the absence of any prior medical records or tests to review, that claimant's hearing loss was secondary to noise exposure in the workplace, as described by claimant. Claimant testified that his work as an asbestos handler and shop steward exposed him to "extremely" loud noise from hammers, saws, nail guns and other equipment for long hours, [*2]usually 8 to 12 hours per day, 6 or 7 days per week. Claimant acknowledged that he first started having hearing problems two years before his last day of employment, i.e., in 2001, which left him unable to hear coworkers or answer the telephone and caused him to speak loudly. Claimant did not seek a medical evaluation for his hearing loss until 2005, and testified that he went to see Lerch, the first doctor that he consulted about his hearing loss, because he had a "squeaking" sound in his ears and could not hear, but Lerch did not tell him the cause of his hearing loss. Claimant stated that his hearing loss has remained constant since he stopped working in this capacity in 2003.
A Workers' Compensation Law Judge disallowed the claim, finding that the date of disablement was October 19, 2003 (three months after the last injurious exposure) (see Workers' Compensation Law § 49-bb) and that the claim was untimely under Workers' Compensation Law § 28 because it was not filed within two years of that date. The Workers' Compensation Law Judge found not credible claimant's assertion that he was unaware of the relationship between his employment and his hearing loss until after he consulted with Alleva in 2017, 14 years after leaving this line of work, in light of his admission that he began experiencing hearing loss as early as 2001 for which he consulted Lerch in 2005. The Workers' Compensation Board agreed, finding that claimant should have known that his hearing loss was occupationally related no later than his first treatment with Lerch on September 14, 2005, and that his 2017 claim was time-barred under Workers' Compensation Law § 28. Claimant appeals.
We affirm. A claim for workers' compensation benefits due to a disability caused by an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28). However, under a special statute for occupational hearing loss, in cases of delayed discovery, such claims are timely if filed "within 90 days after 'knowledge' that the hearing loss is causally related to the employment" (Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d 593, 595 [1994], quoting Workers' Compensation Law § 49-bb; see Matter of White v Tougher Indus., 251 AD2d 938, 939 [1998], lv denied 92 NY2d 816 [1998]). Knowledge for purposes of commencing this 90-day limitations period does not require a medical diagnosis, and it is sufficient if "claimant was aware of both his injury and its probable cause," as hearing loss is "a condition readily appreciated by laypersons, not requiring expert medical knowledge or diagnosis" (Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599; see Matter of White v Tougher Indus., 251 AD3d at 939).
Claimant contends that his claim was timely filed, as it was filed just days after he was treated by Alleva and advised of the causal relationship between his employment and his hearing loss and that, prior to that diagnosis, he had, at most, only a "suspicion" that there was a causal relationship, relying on Matter of White v Tougher Indus. (251 AD3d at 939). However, as the Board noted, claimant testified that he worked long hours for years in an "extremely" loud environment due to the use of machinery, without using protective devices for his ears. Claimant acknowledged that he had hearing loss as early as 2001 and could not hear coworkers or answer the telephone, but did not seek any medical treatment for it until 2005, when he consulted Lerch because he was unable to hear, and had hearing tests performed. The Board found not credible his claim that he was unaware that his hearing loss was causally related to his employment until his received an official diagnosis from Alleva in 2017.
The Board is empowered to make credibility determinations and to resolve factual issues based thereon, and to "draw any reasonable inference from the evidence in the record" (Matter of Phillips v Cornell Univ., 290 AD2d 860, 862 [2002] [internal quotation marks and citation omitted]). Deferring to the Board's credibility determination, we find that substantial evidence supports its factual conclusion that claimant should have known the probable cause of his hearing loss, beyond mere suspicion, as of his first treatment for hearing loss with Lerch on September 14, 2005 (see Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599; Matter of Bennett v Roman Catholic Diocese of Rockville Ctr., 134 AD3d 1361, 1361-1362 [2015]; cf. Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012]; Matter of White v [*3]Tougher Indus., 251 AD3d at 939). Although claimant did not admit discussing, or actual awareness of, a causal relationship when he consulted Lerch in September 2005, neither actual knowledge nor a medical diagnosis is required (see Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599). The Board's conclusion that claimant possessed sufficient information in September 2005 to know the probable cause of his hearing loss is a reasonable inference from the evidence (see Matter of Phillips v Cornell Univ., 290 AD2d at 862). Even giving claimant the outside time frame permitted for delayed knowledge pursuant to Workers' Compensation Law § 49-bb, i.e., 90 days after he possessed knowledge in 2005 that the probable cause of his hearing loss was his employment, the Board properly determined that his 2017 claim was untimely and, thus, time-barred pursuant to Workers' Compensation Law §§ 28 and
49-bb (see Employer: Asplundh Tree Expert Co., 2019 WL 1585931, *4-5, 2019 NY Wrk Comp LEXIS 3696, *9-11 [WCB No. G183 0686, Apr. 5, 2019]; Employer: Sicon Contractors, 2019 WL 1585826, *2, 2019 NY Wrk Comp LEXIS 3516, *3-5 [WCB No. G214 2270, Apr. 3, 2019]).
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.