Matter of Walczak v Asplundh Tree Expert Co. (2020 NY Slip Op 07002)





Matter of Walczak v Asplundh Tree Expert Co.


2020 NY Slip Op 07002


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529930

[*1]In the Matter of the Claim of Marian Walczak, Appellant,
v
Asplundh Tree Expert Co. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Chartwell Law, New York City (Kristen L. Rexroat of counsel), for Asplundh Tree Expert Co. and another, respondents.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed April 5, 2019, which ruled that claimant's claim for hearing loss was time-barred by Workers' Compensation Law § 28.
Claimant, an arborist, worked for the employer from 1998 until he suffered a stroke in 2006. He filed a claim for workers' compensation benefits in 2017, alleging that workplace exposure to noise had caused hearing loss and listing December 27, 2006 as the date of onset. The employer and its workers' compensation carrier controverted the claim arguing, among other things, that it was untimely under Workers' Compensation Law § 28. Although a Workers' Compensation Law Judge rejected that argument, a panel of the Workers' Compensation Board reversed and found that the claim was untimely. A full Board review reached the same result, and claimant appeals.
We affirm. "A claim for workers' compensation benefits due to a disability caused by an occupational disease must be filed 'within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment'" (Matter of Chojnowski v PAR Envtl. Corp., 174 AD3d 1247, 1248 [2019], quoting Workers' Compensation Law § 28). In cases involving delayed discovery of occupational hearing loss, a special statute provides that claims are timely if filed "within 90 days after 'knowledge' that the hearing loss is causally related to the employment" (Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d 593, 595 [1994], quoting Workers' Compensation Law § 49-bb). Inasmuch as a person does not need specialized knowledge or testing to recognize that his or her hearing is deteriorating, a medical diagnosis is not required to trigger this 90-day limitations period, and the period instead begins to run whenever a claimant is or should be "'aware of both his [or her] injury and its probable cause'" (Matter of Chojnowski v PAR Envtl. Corp., 174 AD3d at 1249, quoting Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599).
Here, claimant was routinely exposed to loud noises at work and testified that he was sometimes unable to wear hearing protection. Claimant's testimony and his medical records further reflect that he first recognized that he was having trouble hearing while he was still working — in either 2002 or 2004 — while notes from one of his treating physicians indicate that a hearing test was recommended to him in January 2012. Notwithstanding this longstanding awareness that he had a hearing problem that first arose during a period in which he was exposed to a loud work environment, claimant did not seek a formal diagnosis until 2017. Although claimant testified that he did not recall the 2012 recommendation to get a hearing test, the Board found that the medical records were accurate and that "claimant knew or should have known that his hearing loss was related to his employment no later than January 19, 2012." We accord deference to the Board's credibility assessments and the findings of fact that flow from them and, mindful that "neither actual knowledge nor a medical diagnosis is required" to mark the point at which claimant should have known that his hearing problem probably arose from his employment, find its conclusion that the claim is time-barred to be supported by substantial evidence in the record (Matter of Chojnowski v PAR Envtl. Corp., 174 AD3d at 1249; see Workers' Compensation Law § 49-bb; Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 595, 599).
Claimant's remaining contentions, including that the Board did not follow its own precedents, have been examined and found to be without merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.