Matter of Czachurski v Pal Envtl. (2020 NY Slip Op 07646)





Matter of Czachurski v Pal Envtl.


2020 NY Slip Op 07646


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530397

[*1]In the Matter of the Claim of Zbigniew Czachurski, Appellant,
v
Pal Environmental et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Brian M. Anson of counsel), for PAL Environmental and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed May 21, 2019, which ruled that claimant's claim for hearing loss was time-barred by Workers' Compensation Law §§ 28 and 49-bb.
Claimant, an asbestos worker for 20 years, stopped working in 2012. In September 2018, otolaryngologist Michael Alleva diagnosed claimant with binaural hearing loss of 41.25% that is causally related to noise exposure at work. On October 2, 2018, claimant filed a claim for workers' compensation benefits alleging that he suffered hearing loss due to prolonged and repeated exposure to loud noise at work. The employer and its workers' compensation carrier controverted the claim, arguing, among other things, that it was untimely under Workers' Compensation Law §§ 28 and 49-bb.
Following a hearing, a Workers' Compensation Law Judge disallowed the claim as untimely pursuant to Workers' Compensation Law § 28. On administrative appeal, the Workers' Compensation Board modified that determination by finding that the date of disablement was March 3, 2013 and concluded that claimant was aware of work-related hearing loss on October 23, 2015. As such, the Board determined that the claim had to be filed no later than January 20, 2016 (see Workers' Compensation Law § 49-bb) and that claimant's October 2018 claim was therefore untimely. Claimant appeals.
We affirm. A claim for workers' compensation benefits due to an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of employment" (Workers' Compensation Law § 28). "Workers' Compensation Law § 49-bb provides that a claim for benefits based upon occupational hearing loss which is not filed within two years of the date of disablement is nonetheless timely if filed within 90 days after the claimant acquires knowledge that the hearing loss is work related" (Matter of White v Tougher Indus., 251 AD2d 938, 939 [1998], lv denied 92 NY2d 816 [1998]; see Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d 593, 595 [1994]). "Knowledge for purposes of commencing this 90-day limitations period does not require a medical diagnosis, and it is sufficient if claimant was aware of both his injury and its probable cause, as hearing loss is a condition readily appreciated by laypersons, not requiring expert medical knowledge or diagnosis" (Matter of Chojnowski v PAR Envtl. Corp., 174 AD3d 1247, 1249 [2019] [internal quotation marks and citations omitted]; see Matter of Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599). It is well settled that "[t]he Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Marshall v Murnane Assoc., 267 AD2d 639, 640 [1999], lv denied 94 NY2d 762 [2000]; see Matter of Button v Button, 166 AD3d 1258, 1259 [2018]).
Claimant argues that his claim was timely because it was filed [*2]within 90 days of Alleva's diagnosis of causally-related hearing loss. Claimant testified that he typically worked 40 hours a week and was exposed to prolonged loud noise on a regular basis from generators, compressors, chip guns and other equipment. Claimant acknowledged that he was aware when he was working that loud noise could damage his hearing. According to claimant, he was not always provided ear protection and, when he was, he complained to his supervisor that the earplugs they provided would not stay in his ears due to the vibrations of the equipment. Claimant testified that he had not been exposed to loud noise since leaving his employment and that he was unaware of any hearing loss until his family noticed it, which prompted him to seek treatment from Alleva in 2018.
In finding the claim untimely, the Board credited the medical reports of otolaryngologist Robert Lerch, with whom claimant first sought treatment in October 2014. Lerch reported at that time that claimant referenced a hearing loss. Lerch subsequently had claimant's hearing tested and diagnosed bilateral sensorineural high frequency hearing loss on March 23, 2015, recommending hearing aids and indicating in his report that claimant was considering using them. Lerch made the same diagnosis after examining claimant in June 2016. Although Lerch did not address causality, "neither actual knowledge nor a medical diagnosis is required" (Matter of Chojnowski v Par Envtl. Corp., 174 AD3d at 1249). Claimant's testimony that he saw Lerch for different health issues and that neither he nor Lerch ever mentioned his hearing created a credibility issue for the Board to resolve (see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274-1275 [2016]). In light of Lerch's reports and claimant's concern about hearing damage at the time that he was working, we conclude that substantial evidence supports the Board's factual conclusion that claimant knew in 2015 of a hearing loss with exposure to loud noise at work being the probable cause, and its determination that the 2018 claim was untimely will not be disturbed (see Depczynski v Adsco/Farrar & Trefts, 84 NY2d at 599; Matter of Chojnowski v Par Envtl. Corp., 174 AD3d at 1249).[FN1]
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that the Board based the January 20, 2016 statute of limitations date on its belief that Lerch's diagnosis took place on October 23, 2015. The record reflects, however, that Lerch actually made the diagnosis on March 23, 2015. Since claimant did not file his claim for benefits until October 2018, the claim was untimely no matter which date the Board considered as the date claimant knew of a work-related hearing loss (see Workers' Compensation Law §§ 28; 49-bb) and, therefore, we find the error harmless.