Matter of Rho v Beth Israel Med. (2021 NY Slip Op 03353)





Matter of Rho v Beth Israel Med.


2021 NY Slip Op 03353


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

531518
[*1]In the Matter of the Claim of Marie R. Rho, Appellant,
v
Beth Israel Medical et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Brian M. Anson of counsel), for Beth Israel Medical and another, respondents.



Colangelo, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 20, 2019, which ruled, among other things, that claimant's claim was untimely under Workers' Compensation Law § 28, and (2) from two decisions of said Board, filed February 13, 2020 and February 14, 2020, which denied claimant's applications for reconsideration and/or full Board review.
Claimant, a patient care associate, filed a claim for workers' compensation benefits in April 2010, alleging that she had sustained work-related injuries while assisting a patient in July 2005. The employer and its workers' compensation carrier controverted the claim, asserting, among other things, that the claim was untimely under Workers' Compensation Law § 28. Claimant failed to appear at the hearing scheduled for June 2010, and the matter was marked "[n]o further action" until such time as claimant retained counsel.
Nearly seven years later, claimant, who still had not retained counsel, sought to "reopen" her claim, contending that her failure to file a timely claim should be excused due to her mental incompetency. Following various hearings beginning in July 2018 and concluding in August 2019, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that the claim was time-barred, and claimant sought administrative review. By decision filed November 20, 2019, the Workers' Compensation Board affirmed, finding that the underlying claim was untimely and, further, that claimant failed to demonstrate that the statute of limitations should have been tolled due to her mental incompetency. Claimant's subsequent applications for reconsideration and/or full Board review were denied by decisions filed February 13, 2020 and February 14, 2020, and these appeals ensued.[FN1]
We affirm. Claimant has been diagnosed with various psychological disorders that, in turn, allegedly stem from the insomnia and anxiety caused by claimant working the night shift for a number of years. "A claim for workers' compensation benefits due to [a disability caused by] an occupational disease must be filed 'within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment'" (Matter of Czachurski v PAL Envtl., 189 AD3d 1866, 1867 [2020], quoting Workers' Compensation Law § 28; accord Matter of Walczak v Asplundh Tree Expert Co., 188 AD3d 1524, 1524 [2020]). Claimant consistently reported that her symptoms began on July 5, 2005, her last day of work, and the record reflects that claimant knew or should have known — no later than 2006 — that her various psychological disorders were related to her employment. Accordingly, the Board properly concluded that the underlying claim for workers' compensation benefits — filed in 2010 — was untimely. Although Workers' Compensation Law § 115 provides that no statute of limitations "shall run as against any person who is mentally incompetent . . . so long as he [or she] has no committee [*2]or guardian," case law makes clear that this tolling provision, like its CPLR 208 counterpart, is available only "to those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 812 [1993] [internal quotation marks and citation omitted]; accord Matter of Cagle v White Auto Parts, 297 AD2d 897, 898 [2002]). Once the tolling provision has been invoked, the burden is on the claimant to "prove, by medical evidence specific to the period under question, that he [or she] was mentally incompetent to file a workers' compensation claim" within the allotted time period (Employer: Ernst & Young US LLP, 2012 WL 5989095, *3, NY Wrk Comp LEXIS 9781, *8 [WCB No. G032 2501, Nov. 23, 2012]; see Employer: Weston NY Supervision, 2011 WL 483054, *2, 2011 NY Wrk Comp LEXIS 599, *3-4 [WCB No. G003 5230, Jan. 3, 2011]).
Claimant indeed raised the applicability of the tolling provision in both her April 2017 letter to the Board seeking to reopen her claim and her RB-89 application for administrative review, and she now argues that she was denied an opportunity to demonstrate that she was incompetent during the relevant time period. However, claimant neither invoked the tolling provision nor offered any evidence in support of her incompetency claim during any of the hearings held in this matter — despite the employer's and the carrier's repeated insistence that the claim was time-barred. Indeed, even after the WCLJ ruled during the August 2019 hearing that the claim was time-barred, counsel for claimant argued only that the claim should be deemed timely because claimant initially was unaware that her diagnosed conditions were related to her employment. At no time did counsel assert or otherwise attempt to demonstrate that claimant was relying upon the incompetency toll set forth in Workers' Compensation Law § 115, nor did counsel request that the WCLJ afford claimant an opportunity to present medical evidence on this point. Under these circumstances, claimant's due process argument must fail. Simply put, claimant, who bore the burden of proof in this regard, cannot protest the denial of an opportunity that she did not seek.
To the extent that the merits of claimant's incompetency claim are properly before us, the Board's finding — that claimant failed to tender sufficient medical proof to demonstrate incompetency — is supported by substantial evidence. Although claimant's medical records reflect that her thinking and judgment periodically were impaired, the Board has held that "[c]ognitive dysfunction is insufficient by itself to toll the requirements of [Workers' Compensation Law §] 28 regarding timely filing" (Employer: Ernst & Young US LLP, 2012 WL 5989095 at *3, 2012 NY Wrk Comp LEXIS 9781 at *7-8), and such records do not otherwise demonstrate — on their face — that claimant was incompetent prior to filing her claim in 2010. Indeed, [*3]as the Board observed, claimant successfully sought and obtained Social Security disability benefits during 2005 and 2006, i.e., "during a time [that] . . . claimant otherwise claims she was unable to function" (see e.g. Matter of Jirak v Federal Express Corp., 253 AD2d 986, 987 [1998], lv denied 92 NY2d 818 [1998]; Employer: Weston NY Supervision, 2011 WL 483054 at *2, 2011 NY Wrk Comp LEXIS 599 at *3-4). Accordingly, the Board's finding that the two-year statute of limitations was not tolled by claimant's alleged incompetency is affirmed.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As claimant has not advanced any arguments in her brief relative to the Board's February 13, 2020 and February 14, 2020 decisions denying her applications for reconsideration and/or full Board review, we deem her appeals from those decisions to be abandoned (see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880 n [2020]; Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 n [2020]).