■ In the Matter of the Claim of MICHAEL McCUTCHEON, Respondent, v PUBLIC SERVICE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 658] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed August 8, 2000, which ruled that claimant timely filed a claim for workers' compensation benefits.

Although claimant did not file a claim for workers' compensation benefits within two years of his work-related knee injury, his treating physician filed a C-4 medical report within the two-year period. The report described the injury and its possible aggravation and requested authorization for an MRI. The Workers' Compensation Board concluded that the filing of the medical report satisfied the claim-filing requirement of the two-year limitations period created by Workers' Compensation Law § 28. Inasmuch as the statutory definition of "compensation" (Workers' Compensation Law § 2 [6]) does not include medical expenses (*see, Matter of Hill v Eastman Kodak Co.,* 258 AD2d 861), the employer contends on this appeal that the medical report, which requested only authorization for medical treatment, does not seek compensation and its filing, therefore, cannot satisfy Workers' Compensation Law § 28. We disagree.

It is well settled that "a C-4 medical report may mark the filing of a claim where it contains information 'sufficient to provide [the Board] with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made'" (*Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 754, quoting *Matter of Boone v Rigaud*, 176 AD2d 378, 379). "The Work[ers'] Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading" (*Matter of Kaplan v Kaplan Knitting Mills*, 248 NY 10, 13). Accordingly, "[a]ny notice which conveys to the [Board] that the [claimant] is claiming the compensation *and benefits* of the Work[ers'] Compensation Law is sufficient" (*id.*, at 17 [emphasis supplied]). Similarly, the liberal construction of Workers' Compensation Law § 28 in favor of claimants has resulted in the general rule that, in applying the statute's exception to the claim-filing requirement where advance payments have been made within the two-year period, "[r]emuneration in the form of wages *or medical treatment* may constitute advance payments of *compensation*" (*Matter of Kaschak v IBM Corp.*, 256 AD2d 830, 831 [emphasis supplied]). It can readily be inferred from the medical report filed by claimant's treating physician, which seeks to impose liability on the employer for medical treatment necessitated by a work-related injury, that claimant will also seek to impose liability for the "money allowance payable * * * as provided for in this chapter" (Workers' Compensation Law § 2 [6]) if and when he becomes eligible for that allowance. Accordingly, there is no basis to disturb the Board's conclusion that the filing of the C-4 medical report by claimant's treating physician constituted the filing of a claim within the meaning of Workers' Compensation Law § 28.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.