■ In the Matter of the Claim of RICHARD SEARCHFIELD, Respondent, v LOWE'S HOME CENTERS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [937 NYS2d 731]—

Peters, J.

Initially, we are unpersuaded by the employer's contention that the Board should have dismissed as untimely the claim for a causally-related right hip condition. Pursuant to Workers' Compensation Law § 28, a claim that is not filed within two years of the date of the accident is time-barred. Notably, "[w]hether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (*Matter of Schley v North State Supply*, 309 AD2d 1092, 1093 [2003]). While the employer maintains that the amendment to the claim is time-barred, we disagree. Not only do the early medical reports reflect initial concerns relating to claimant's hips, there was competent medical proof supporting the Board's finding that claimant's ongoing pain "was the result of a labral tear in the right hip, a condition which is often misdiagnosed as a low back injury." Thus, the Board did not, as argued by the employer, conclude that the hip condition was consequential in relation to the original diagnosis of low back injury (*see e.g. Matter of Jones v Cowper Co.*, 80 AD2d 685, 685 [1981]). Instead, the Board amended the original claim to reflect the correct diagnosis of a directly-related hip condition. Since claimant could not have filed a claim for causally-related hip injuries until this condition was properly identified and diagnosed in the latter months of 2007, we are persuaded that this matter is not time-barred.

Turning to the employer's final contention that the Board erroneously found that the right hip condition is causally related to the October 2005 accident, we are similarly unpersuaded. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and

its determination will not be disturbed when supported by substantial evidence" (*Matter of Virtuoso v Glen Campbell Chevrolet, Inc.*, 66 AD3d 1141, 1142 [2009] [citations omitted]). Here, the Board specifically credited the testimony of claimant's physicians as to causation. While the independent medical expert disagreed, the Board noted that this expert also acknowledged that it was possible for hip problems to be misdiagnosed in situations where they originally manifest in low back complaints. Given that "the resolution of conflicting medical opinions is within the province of the Board, particularly where the conflict concerns the issue of causation" (*Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]), we find substantial evidence supporting the Board's ruling as to causation.

Mercure, A.P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision and amended decision are affirmed, with costs to claimant.