■ In the Matter of the Claim of Silvia Kasic, as Widow of Stephen Kasic, Deceased, Appellant, v Bethlehem Steel Corporation, Respondent. Workers' Compensation Board, Respondent. [943 NYS2d 627]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed June 30, 2010, which ruled that claimant's application for workers' compensation death benefits was time-barred.

Decedent was employed by Bethlehem Steel Corporation for 22 years and, during that period, performed work near coke ovens where he was exposed to Benzene and other chemicals. After he was diagnosed with acute myelogenous leukemia, decedent filed a claim for workers' compensation benefits alleging that his illness was caused by his "exposure to Benzene." The employer controverted his claim, asserting, among other things, that decedent had not presented competent medical evidence establishing that his illness was caused by conditions that existed in the work place.

Decedent died in February 2006 and, three years later, claimant, his spouse, filed a claim for workers' compensation death benefits on her own behalf and for decedent's child. The employer controverted this claim, contending that it was untimely because it was filed more than two years after decedent's death (*see* Workers' Compensation Law § 28). A Workers' Compensation Law Judge disagreed and found for claimant, concluding that her claim was timely because it was filed within two years of her receiving a written medical opinion connecting decedent's leukemia and death with the conditions he encountered at the work place. The Workers' Compensation Board reversed this finding and disallowed the claim on the ground that since more than two years had passed after decedent's death, it was untimely. Claimant now appeals.

"[W]hether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (*Matter of Searchfield v Lowe's Home Ctrs., Inc.*, 92 AD3d 1038, 1039 [2012] [internal quotation marks and citation omitted]; *see Matter of Hernandez v Guardian Purch. Corp.*, 50 AD3d 1258, 1258-1259 [2008]). "A claim for workers' compensation benefits due to an occupational disease must be filed 'within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment' " (*Matter of Mott v ITT Indus.*, 66 AD3d 1216, 1216 [2009], quoting Workers' Compensation Law § 28; *see Matter of McNally v Newsday*, 40 AD3d 1323, 1324 [2007], *lv denied* 9 NY3d 809 [2007]). Here, the employer contends that claimant should have filed the claim within two years of her husband's death because, at that time, she had reason to believe that his demise was caused by conditions that existed at the work place. The employer specifically relies on allegations that decedent made when he filed his claim for workers' compensation benefits prior to his death and argues that those contentions put claimant on notice at that time as to what later caused decedent's death. We disagree. There is no doubt that, prior to and at the time of decedent's death, decedent and claimant suspected that he contracted leukemia as a result of conditions at his place of employment. However, it does not necessarily follow that simply because claimant harbored such suspicions, she knew or had reason to know what caused decedent to contract leukemia (*see Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 662 [2000], *lv dismissed* 95 NY2d 926 [2000]; *Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859, 860 [1997]; *Employer: Rochester Aluminum*, 2003 WL 22068167, *2, 2003 NY Wrk Comp LEXIS 85711 [WCB No. 7020 0146, Aug. 27, 2003]).

We are also mindful that when decedent died, the employer had consistently taken the position that, in regard to decedent's application for workers' compensation benefits, his leukemia was not caused by conditions that existed at the work place. More importantly, in that proceeding a finding had been entered that competent medical evidence had not yet been presented establishing that a connection existed between the illness that caused decendant's death and the conditions he encountered in the work place. In fact, claimant only obtained such evidence when she received a letter dated September 9, 2008 from a physician indicating that the leukemia that caused decendent's death was a result of him being exposed to chemicals at the work place. Since claimant filed for death benefits within two

years of the date of this letter, her claim was timely, and the Board's decision to the contrary was not supported by substantial evidence.

Rose, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.