Peters, P.J.
Appeal from a decision of the Workers’ Compensation Board, filed December 1, 2011, which, among other things, ruled that claimant’s motor neuron disease was consequential to his established claim for Lyme disease and awarded further workers’ compensation benefits.
Claimant, a construction worker, was bitten by a tick while working in the woods and was subsequently diagnosed with Lyme disease in July 2008. When claimant began to experience upper body muscle weakness, he was forced to cease working and the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) accepted a workers’ compensation claim and began to pay claimant benefits. Despite several courses of antibiotics, claimant’s progressive muscle weakness worsened, ultimately rendering him permanently totally disabled. However, following the decision of a Workers’ Compensation Law Judge in June 2009 that continued benefits, the carrier appealed, asserting insufficient medical evidence that claimant’s disability continued to be related to his diagnosis of Lyme disease. The Workers’ Compensation Board thereafter held further awards in abeyance pending the production of medical evidence to establish that claimant’s continuing disability was causally related. Following the submission of voluminous medical testimony, the Workers’ Compensation Law Judge amended the claim to include consequential motor neuron disease, as well as consequential anxiety and stress disorder. Upon review, the Board affirmed and the carrier now appeals.
We affirm. A claimant bears the burden of presenting competent medical evidence to establish a causal relationship between his or her employment and a disability (see Matter of Bland v Gelman, Brydges & Schroff 100 AD3d 1289, 1291 [2012], lv dismissed 20 NY3d 1055 [2013]; Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1177 [2011]). Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence (see Matter of Spinnato v GE Advanced Materials, 95 AD3d 1466, 1467 [2012]; Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1044 [2009]). The resolution of conflicting medical opinions, particularly with *1018 regard to the issue of causation, is within the exclusive province of the Board (see Matter of Connolly v Hubert’s Serv., Inc., 96 AD3d 1115, 1116 [2012]; Matter of Searchfield v Lowe’s Home Ctrs., Inc., 92 AD3d 1038, 1039-1040 [2012]).
Here, claimant presented the testimony of his treating physician, Lee Isabell, who stated that by March 2009, claimant suffered from significant muscle atrophy that rendered him totally disabled, which he attributed to claimant’s Lyme disease. Claimant also presented the testimony of board-certified neurologist Samuel Koszer, who also opined that claimant’s progressive muscle weakness and consequent total disability was causally related to his Lyme disease. Finally, claimant introduced the testimony of his treating psychiatrist, Patricia Gerbarg, who indicated that claimant suffered from Lyme disease, which had prompted an autoimmune reaction that produced symptoms in claimant that resembled amyotrophic lateral sclerosis. However, Gerbarg further explained that claimant’s creatine phosphokinase levels had improved when treated with antibiotics, which established a connection between the infection and his muscle deterioration. Finally, Gerbarg opined that claimant was suffering from anxiety and stress related to his diagnosis, as well as the interruption of his treatment for Lyme disease and other neuromuscular symptoms. Thus, while the carrier presented the opinions of several neurologists who could not state with certainty that claimant’s Lyme disease was the cause of his motor neuron disease, we find the Board’s determination to be supported by substantial evidence (see Matter of Bland v Gellman, Brydges & Schroff, 100 AD3d at 1291; Matter of Searchfield v Lowe’s Home Ctrs., Inc., 92 AD3d at 1040).
Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.