Matter of Jones v Servisair LLC (2020 NY Slip Op 01431)





Matter of Jones v Servisair LLC


2020 NY Slip Op 01431


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

529383

[*1]In the Matter of the Claim of Edward Jones, Appellant,
v
Servisair LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Burke, Conway & Stiefeld, White Plains (Stephane Martin of counsel), for Servisair LLC and another, respondents.



Colangelo, J.
Appeal from a decision of the Worker's Compensation Board, filed January 4, 2019, which ruled that claimant's right shoulder claim was time-barred by Workers' Compensation Law § 28.
On February 19, 2014, claimant sustained a work-related injury to his right shoulder. The following day, his employer filed a C-2F first report of work-related injury with the Workers' Compensation Board. In March 2014, the Board issued a notice of case assembly advising the employer's workers' compensation carrier that a case file had been created and reminding claimant of the importance of filing a C-3 form. Claimant subsequently underwent physical therapy for another injury to his right shoulder and, in May 2016, his treating doctor submitted a C-4.2 medical report addressing his condition. In response, the Board issued a notice of indexing directing the carrier to, among other things, file certain forms, as well as a medical report to complete the file. In June 2016, the carrier submitted the C-4.2 medical report prepared by the physician who treated claimant in March 2014, just after the accident.
In June 2017, after retaining counsel, claimant finally filed his C-3 form with the Board. During subsequent hearings before a Workers' Compensation Law Judge, the carrier objected to the timeliness of the claim under Workers' Compensation Law § 28. The Workers' Compensation Law Judge found that Workers' Compensation Law § 28 was inapplicable and established the claim for an injury to claimant's right shoulder. On appeal, the Board disagreed and disallowed the claim, finding that it was time-barred because it was not filed within two years of the date of the accident as required by Workers' Compensation Law § 28. Claimant appeals.
We affirm. Workers' Compensation Law § 28 provides that a claim that is not filed within two years of the date of an accident shall be time-barred (see Matter of Searchfield v Lowe's Home Ctrs., Inc., 92 AD3d 1038, 1039 [2012]; Matter of Lavigne v Peru Cent. School Dist., 82 AD3d 1457, 1458 [2011]). However, "the failure to file a C-3 form does not necessarily preclude [a] claimant from entitlement to workers' compensation benefits" (Matter of Boone v Rigaud, 176 AD2d 378, 379 [1991]; see Matter of Tagliavento v Borg-Warner Auto, 252 AD2d 753, 754 [1998]). Indeed, other documents, such as an employer's C-2 report of injury or a medical provider's C-4 medical report, have been considered in determining whether a claim was timely filed (see Matter of Hazzard v Adams Russell Cable Serv., 305 AD2d 952, 952 [2003]; Matter of McCutcheon v Public Serv. Dept., 290 AD2d 679, 680 [2002]; Matter of Boone v Rigaud, 176 AD2d at 379). The pertinent inquiry is "whether . . . the forms filed with the Board were sufficient to provide it with the facts of the injury . . . from which it might be reasonably inferred that a claim for compensation was being made" (Matter of Boone v Rigaud, 176 AD2d at 379). Ultimately, "whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012] [internal quotation marks, brackets and citation omitted]; see Matter of Hernandez v Guardian Purch. Corp., 50 AD3d 1258, 1258 [2008]).
Here, the record establishes that the C-3 form was not filed by claimant within two years of the accident. Claimant, however, contends that the C-2F form filed by the employer a few days after the accident, when considered in conjunction with the Board's notice of case assembly, constituted the filing of the claim. The C-2F form set forth claimant's name, work location and the date and time of injury, and stated that claimant suffered a "sprain" to his shoulder, which occurred "while pulling the hose to fuel the aircraft." Given the relatively minor nature of the injury and the lack of a more detailed description, the Board logically found that the C-2F form does not support the reasonable inference that a claim for workers' compensation benefits would be made. Neither the carrier's assignment of a claim number nor the Board's assignment of a case number on its notice of case assembly supports a contrary conclusion. Accordingly, substantial evidence supports the Board's decision that the claim was time-barred under Workers' Compensation Law § 28.
Finally, claimant's contention that the carrier waived the statute of limitations defense by making an advance payment of compensation was not preserved for review by this Court, as claimant first raised this issue on appeal (see Matter of Szokalski v A-Val Architectural Metal Corp., 156 AD3d 1276, 1277 [2017]). We have considered claimant's remaining contentions, to the extent that they are properly before us, and find them to be unavailing.
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.