Matter of Decandia v Pilgrim Psychiatric Ctr. (2021 NY Slip Op 04404)





Matter of Decandia v Pilgrim Psychiatric Ctr.


2021 NY Slip Op 04404


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532168
[*1]In the Matter of the Claim of John Decandia, Appellant,
v
Pilgrim Psychiatric Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Katherine Mason-Horowitz of counsel), for Pilgrim Psychiatric Center and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 30, 2020, which ruled, among other things, that claimant's claim was untimely under Workers' Compensation Law § 28.
Claimant, a safety and security officer for the employer, filed an accident report alleging that, while on patrol in June 2013, he was bitten by two ticks. Almost six years later, claimant filed a claim for workers' compensation benefits seeking to recover for injuries allegedly sustained as the result of unknown tick bacteria entering his bloodstream. The employer and its workers' compensation carrier controverted the claim, asserting, among other things, that the claim was untimely under Workers' Compensation Law § 28. Following a hearing and the depositions of certain medical providers, a Workers' Compensation Law Judge awarded benefits for claimant's tick bites and consequential Lyme disease, concluding that the claim was timely as it was filed within two years of such diagnosis. Upon administrative review, the Workers' Compensation Board reversed, finding that the underlying claim was untimely and, in any event, that there was insufficient medical evidence to establish that claimant suffered from Lyme disease in the first instance or that such disease was causally related to his employment. This appeal by claimant ensued.
We affirm. Consistent with the provisions of Workers' Compensation Law § 28, "a claim for workers' compensation benefits is untimely unless it is filed within two years of the date of the accident" at issue (Matter of Bennett v Roman Catholic Diocese of Rockville Ctr., 134 AD3d 1361, 1361 [2015]; see Matter of Jones v Servisair LLC, 180 AD3d 1313, 1314 [2020]). "Whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012] [internal quotation marks, brackets and citations omitted]; see Matter of Bennett v Roman Catholic Diocese of Rockville Ctr., 134 AD3d at 1361-1362). Here, claimant indicated that the injury-producing tick bites occurred on June 9, 2013, and it is undisputed that claimant did not file his claim for workers' compensation benefits until April 29, 2019. Given the nearly six years that elapsed between claimant's work-related accident and the filing of his claim for benefits, there is no question that the claim is untimely — both with respect to any direct injury from the offending tick bites and any consequential disease that claimant allegedly developed (compare Matter of Skippon v T.M. Kenney's Inc., 296 AD2d 634, 635 [2002], lv denied 99 NY2d 502 [2002]). Accordingly, the Board properly disallowed the claim upon this ground.[FN1]
Reading the underlying claim broadly, the Board viewed claimant as asserting three separate bases for compensation — the initial tick bites, claimant's alleged development [*2]of consequential Lyme disease and an independent claim for Lyme disease caused by an unknown tick bacteria entering his bloodstream. The timeliness issue aside, substantial evidence supports the Board's further findings that there is insufficient medical evidence to establish that claimant actually suffers from Lyme disease or that there is a causal connection between any such disease and claimant's employment.
The record reflects that claimant, who incurred the work-related tick bites in June 2013, first sought medical treatment for flu-like symptoms in December 2018. The medical records associated with such treatment indicate that claimant reported incurring "three tick bites last year," i.e., in 2017, and that he was seeking testing for Lyme disease at that time. Although claimant was diagnosed with "a tickborne disease syndrome" in April 2019 by a nurse practitioner and was treated with a course of antibiotics, claimant was tested for Lyme disease on at least three occasions, and each time the tests were either negative or inconclusive. The physician to whom claimant subsequently was referred for an infectious disease evaluation accepted the nurse practitioner's diagnosis — notwithstanding the fact that claimant's test results did not meet the criteria adopted by the Centers for Disease Control and Prevention for diagnosing Lyme disease. Claimant's physician acknowledged, however, that it was unlikely that someone with Lyme disease would be asymptomatic for more than five years after exposure, and neither she nor the nurse practitioner who initially diagnosed claimant could say that any such diagnosis was causally related to the tick bites that claimant suffered in June 2013 — particularly in view of the fact that the employment premises were located in an area that was "very, very bad with Lyme and all the other tickborne diseases."
Although the physician who performed an independent medical examination of claimant on behalf of the carrier in July 2019 diagnosed claimant with chronic post-Lyme disease and opined that there "appear[ed] to be a cause and effect relationship" between claimant's injuries and the June 2013 tick bites, "the Board is vested with the authority to resolve conflicting medical opinions" (Matter of Rapaglia v New York City Tr. Auth., 179 AD3d 1257, 1260 [2020] [internal quotation marks and citation omitted]). As the Board's ultimate conclusion — that claimant failed to discharge his "burden of establishing, by competent medical evidence, a causal relationship between [his] injury and his . . . employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [2021] [internal quotation marks and citation omitted]; see Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1267 [2019]) — is supported by substantial evidence in the record as a whole, it will not be disturbed. Claimant's remaining arguments, to the extent not addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant does not appear to rely upon the occupational disease provision of Workers' Compensation Law § 28 but, given the Board's disallowance of the claim on the merits, we need not determine the applicability of that provision.