Matter of Cotterell v Trinity Health Corp. (2022 NY Slip Op 05566)

Matter of Cotterell v Trinity Health Corp.

2022 NY Slip Op 05566

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

533203
[*1]In the Matter of the Claim of Meggan Cotterell, Respondent,
v
Trinity Health Corporation et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Stockton, Barker & Mead, LLP, Troy (William M. Pausley of counsel), for appellants.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for Meggan Cotterell, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2020, which ruled that claimant's right hip claim was not barred by Workers' Compensation Law § 28 and granted claimant's request to amend her workers' compensation claim.
Claimant, a resident assistant, was injured at work on September 13, 2015 while making beds and filed a workers' compensation claim in October 2015 for work-related injuries to her lower back, which was later established. In 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had raised the issue of a causally-related right hip injury and, later, ruled that she had submitted prima facie medical evidence of such an injury through the submission of reports from her treating orthopedist, Matthew Stein. Stein submitted reports and later testified that, following initial treatments for her lower back injury for which she saw only 50% improvement and experienced continued pain, it was determined in part from an MRI that she had also sustained a right hip labral tear that was causally-related to her work injury. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) procured an independent medical examination from a consulting orthopedist who concluded that her hip pain was not the result of a labral tear but, rather, was the product of a preexisting condition and was not causally-related to her 2015 work injury. The carrier objected to claimant's request to amend her claim as untimely under Workers' Compensation Law § 28. Following a hearing at which Stein and the carrier's consultant orthopedist testified consistent with their prior medical reports, the WCLJ credited Stein's testimony and amended the claim to include a causally-related right hip injury. On the carrier's appeal, the Workers' Compensation Board affirmed. The carrier appeals.
We affirm. Workers' Compensation Law § 28 provides, in relevant part, that "[t]he right to claim compensation . . . shall be barred . . . unless within two years after the accident . . . a claim for compensation shall be filed" with the Board (see Matter of Jones v Servisair LLC, 180 AD3d 1313, 1314 [3d Dept 2020]). However, the failure to file a C-3 employee claim form is not dispositive, as other documents filed within the two-year window, including medical reports and the employer's report of injury, have been considered in determining whether a claim is timely filed and found to mark the filing of a claim, where the documents "were sufficient to provide [the Board] with the facts of the injury from which it might be reasonably inferred that a claim for compensation was being made" (id. at 1315 [internal quotation marks, ellipsis and citation omitted]; see Matter of Hernandez v Guardian Purch. Corp., 50 AD3d 1258, 1259 [3d Dept 2008]; Matter of Schley v North State Supply, 309 AD2d 1092, 1092-1093 [3d Dept 2003]; Matter of McCutcheon v Public Serv. Dept., 290 AD2d 679, 680 [3d Dept 2002]; Matter [*2]of Boone v Rigaud, 176 AD2d 378, 379 [3d Dept 1991]). Accordingly, "'any notice which conveys to the Board that the claimant is claiming the compensation and benefits of the Workers' Compensation Law is sufficient'" (Matter of McCutcheon v Public Serv. Dept., 290 AD2d at 680 [brackets and emphasis omitted], quoting Matter of Kaplan v Kaplan Knitting Mills, Inc., 248 NY 10, 13 [1928]). Ultimately, "whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Searchfield v Lowe's Home Ctrs., Inc., 92 AD3d 1038, 1039 [3d Dept 2012] [internal quotation marks, brackets and citation omitted]; accord Matter of Jones v Servisair LLC, 180 AD3d at 1315).
The record reflects that numerous medical reports filed shortly after her work-related accident and through the next two years, including an MRI report in October 2015, establish that claimant had bilateral hip pain or back pain radiating into her hips. Claimant testified that she complained of hip pain throughout that period and her treating physician diagnosed her with causally-related right hip injury in June 2017. Stein, who the Board credited, testified that, although claimant was initially treated for low back pain, after some improvement but persistent pain, the right hip labral tear was diagnosed and he performed surgery on her in June 2018, which resolved much of her pain. Stein explained that both the low back injury and the right hip labral tear contributed to claimant's pain, both were causally-related and it is not uncommon for labral tear symptoms to be confused with low back symptoms (see Matter of Searchfield v Lowe's Home Ctrs., Inc., 92 AD3d at 1039). Since claimant could not have filed a claim for causally-related hip injuries until this condition was properly identified and diagnosed, we are persuaded that this matter is not time-barred. Given that substantial record evidence supports the Board's determination that the amendment to the claim is not time-barred, it will not be disturbed. The carrier's remaining contentions similarly lack merit.
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.