Matter of Perry v DOCCS Clinton Corr. Facility (2023 NY Slip Op 03890)

Matter of Perry v DOCCS Clinton Corr. Facility

2023 NY Slip Op 03890

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

534849
[*1]In the Matter of the Claim of Robert Perry, Appellant,
v
DOCCS Clinton Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Law Firm of Alex Dell, PLLC, Albany (Sarah M. Bennett of counsel), for appellant.
Walsh and Hacker, Latham (Scott R. Toth of counsel), for DOCCS Clinton Correctional Facility and another, respondents.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 29, 2021, which ruled, among other things, that claimant's claim for injuries to his left elbow was untimely under Workers' Compensation Law § 28, and (2) from a decision of said Board, filed January 31, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a correction officer, filed a claim for workers' compensation benefits in January 2017 alleging that he had sustained injuries to his left hand and wrist while frisking an incarcerated individual. The claim was established, the matter was continued to address issues of permanency and, in September 2019, claimant was awarded a 13.75% schedule loss of use of his left hand. Claimant continued to experience pain, sought additional treatment and ultimately was diagnosed with "[l]eft elbow medial and lateral epicondylitis secondary to trauma" in May 2020 — a condition for which he underwent a surgical repair in February 2021.
Following an independent medical examination, claimant sought to amend his claim to include a causally-related (rather than consequential) injury to his left elbow — prompting the employer and its workers' compensation carrier to raise various defenses, including the timeliness of the claim under Workers' Compensation Law § 28. After hearing testimony from claimant, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the claim to include injuries to claimant's left elbow and, in so doing, rejected the assertion that such amendment was barred by Workers' Compensation Law § 28. Upon administrative review, the Workers' Compensation Board, by decision filed October 29, 2021, reversed the WCLJ's decision, finding that the claim for injuries to claimant's left elbow was time-barred. Claimant appealed from the Board's decision and sought reconsideration and/or full Board review. By decision filed January 31, 2022, the Board denied claimant's application, and claimant appeals from that decision as well.
We affirm. Consistent with the provisions of Workers' Compensation Law § 28, the right to claim compensation shall be barred unless such claim is filed within two years after the underlying accident (see Matter of Cotterell v Trinity Health Corp., 209 AD3d 1071, 1071 [3d Dept 2022]; Matter of Decandia v Pilgrim Psychiatric Ctr., 196 AD3d 953, 954 [3d Dept 2021]). A claim is timely filed where the C-3 employee claim form or other documents are "sufficient to provide the Board with the facts of the injury from which it might be reasonably inferred that a claim for compensation was being made" (Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072 [internal quotation marks, brackets and citations omitted]; see Matter of Jones v Servisair LLC, 180 AD3d 1313, 1314-1315 [3d Dept 2020]). "Ultimately, whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence [*2]in the record as a whole, will not be disturbed" (Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072 [internal quotation marks and citations omitted]; see Matter of Decandia v Pilgrim Psychiatric Ctr., 196 AD3d at 954).
Claimant's initial injury to his left wrist occurred in January 2017, and he did not attempt to amend his claim to include a causally-related injury to his left elbow until some point in 2020 — well beyond the two-year period set forth in Workers' Compensation Law § 28. Although claimant argues that such delay was attributable to the fact that his treating physician misdiagnosed his condition and further contends that the Board ignored such misdiagnosis in finding that his amended claim was untimely, we disagree. Preliminarily, it is clear from a review of the Board's detailed decision in this matter, which summarizes claimant's ongoing complaints and course of treatment, that the Board did not ignore claimant's assertion that the alleged misdiagnosis precluded him from complying with the time restraints imposed by Workers' Compensation Law § 28. Rather, upon reviewing the record before it, the Board simply did not credit claimant's argument on this point.
As the Board noted, neither the C-3 form filed by claimant nor the report generated following claimant's initial hospital visit — both of which were completed prior to the alleged misdiagnosis by claimant's treating physician — makes any mention of an injury or pain attributable to claimant's left elbow. Indeed, the hospital report states that claimant denied "any additional injuries or any other symptoms" beyond left wrist pain. Similarly, neither the initial report of injury filed by claimant's treating physician nor any of the subsequent medical or physical therapy records reflects that claimant registered any complaints regarding his left elbow, and claimant denied "any electric shocks up to his elbow" during a January 2017 office visit. The first documented complaint of left elbow pain does not appear in claimant's medical records until May 2020. Although claimant testified that he repeatedly advised his treating physician that he experienced pain "running up to [his] elbow" and that the physician lied regarding the extracurricular activities in which claimant was able to participate, claimant's testimony conflicted with the contemporaneous medical and physical therapy records produced. The Board, as the sole arbiter of witness credibility, was not bound by the WCLJ's determination (see Matter of White v SEG Maintenance, Inc., 205 AD3d 1257, 1259 [3d Dept 2022]) and was free to credit the medical records over claimant's testimony. Finally, unlike the cases relied upon by claimant (see Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072; Matter of Searchfield v Lowe's Home Ctrs., Inc., 92 AD3d 1038, 1039 [3d Dept 2012]), the record does not — prior to May 2020 — contain evidence suggestive of an injury to claimant's left elbow. Under these circumstances[*3], the Board properly concluded that claimant's claim for an injury to his left elbow was time-barred. Accordingly, the Board's October 2021 decision is affirmed.
Although claimant also challenges the denial of his application for reconsideration and/or full Board review, claimant failed to allege a material change in condition or set forth any newly discovered evidence that would warrant granting his request. As noted previously, the Board indeed considered all of the issues before it, including claimant's argument that the alleged misdiagnosis should render his amended claim timely. Accordingly, we cannot say that the Board abused its discretion in denying claimant's application for reconsideration and/or full Board review (see Matter of Petre v Allied Devices Corp., 213 AD3d 1117, 1118 [3d Dept 2023]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.