Matter of Davenport v Oxford Cent. Sch. Dist. (2025 NY Slip Op 01846)

Matter of Davenport v Oxford Cent. Sch. Dist.

2025 NY Slip Op 01846

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-2137
[*1]In the Matter of the Claim of Charles Davenport, Claimant,
v
Oxford Central School District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 18, 2025

Before:Clark, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Falge, LaClair, Hvozda & Blair, PC, Syracuse (Dean C. LaClair of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Fisher, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 8, 2023, which ruled that claimant's back claim was not barred by Workers' Compensation Law § 28 and, (2) from an amended decision of said Board, filed April 9, 2024, which, among other things, adhered to its prior decision.
Claimant established two workers' compensation claims with different employers — one in 1998 for an injury to his lower back and the other in 2008 for injuries to his low back and right rib. On February 7, 2020, claimant, while employed for approximately two years as a custodian for the self-insured employer, injured his low back while shoveling snow at work. After an initial visit to the emergency room, claimant treated with a physician's assistant (hereinafter PA) on February 18, 2020. The PA recorded that claimant sustained mild discomfort in his lower back while shoveling snow at work, with increased pain and numbness radiating down his left leg a week later. The PA noted claimant's prior history of degenerative disc disease and prior workers' compensation injuries with exacerbation and opined that the snow shoveling incident described by claimant was the competent medical cause of the instant injury that resulted in a 50% temporary impairment. That medical report was filed with the Workers' Compensation Board in the ecase file in relation to claimant's 2008 workers' compensation claim as an aggravation of that prior established injury.
In December 2020, claimant's supervisor completed an accident report, wherein the supervisor acknowledged that he was aware on February 10, 2020 that claimant, who had not returned to work, strained his back while shoveling snow at work. Also in December 2020, the employer filed a First Report of Injury — Denial, raising various defenses, including lack of coverage and no compensable injury. The Board then assembled the workers' compensation case, notifying claimant that the employer had controverted the claim and that, among other things, a form C-3 should be completed if he wished to pursue the case. In January 2021, the employer submitted a prehearing conference statement, setting forth various defenses, including that the theory of the case was unknown as no form C-3 had been filed by claimant and that, upon information and belief, claimant was litigating among the prior established workers' compensation claims whether the snow shoveling injury was an aggravation of his prior established injuries or was a new injury, and also challenged the timeliness of the claim under Workers' Compensation Law § 28.
At an ensuing March 25, 2021 hearing at which all parties of interest appeared, including representatives for the prior established workers' compensation claims, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that there was no new accident and that the snow shoveling injury was an exacerbation of the 2008 established claim. Upon administrative appeal, the Board, among other things[*2], remanded the matter for the parties to submit clarifying medical evidence on causal relationship and for a determination of whether the 2020 snow shoveling incident constituted a new accident and/or exacerbation of either of the 1998 and/or 2008 compensable back injuries.
At the next hearing in April 2022, the WCLJ, among other things, granted the employer's request for full and complete access to the 1998 and 2008 case files. Following submission of a June 28, 2022 medical report and at the conclusion of a subsequent hearing, the WCLJ found, among other things, that claimant's failure to file form C-3 within two years of the February 7, 2020 snow shoveling incident did not render the claim untimely under Workers' Compensation Law § 28 and that there was prima facie medical evidence attributing his claim to a new accident. Upon administrative appeal, the Board, in a decision filed September 8, 2023, affirmed, finding that the February 18, 2020 medical report of the PA provided sufficient information to constitute the filing of a claim. Thereafter, the Board, in a decision filed April 9, 2024, denied the employer's subsequent application for full Board review but amended the September 8, 2023 decision to the extent of explaining that the February 18, 2020 PA medical report that was filed with the Board within two weeks of the February 7, 2020 snow shoveling incident, which had been filed in connection with the 2008 established claim and to which file the employer ultimately had access, was sufficient to establish the timely filing of the instant claim. These appeals from the September 8, 2023 and April 9, 2024 Board decisions ensued.
We affirm. Workers' Compensation Law § 28 provides, in relevant part, that the right to claim compensation shall be barred unless such claim is filed with the Board within two years after the underlying accident (see Matter of Cotterell v Trinity Health Corp., 209 AD3d 1071, 1071 [3d Dept 2022]; Matter of DeCandia v Pilgrim Psychiatric Ctr., 196 AD3d 953, 954 [3d Dept 2021]). Whether a claim is timely filed with the Board is not dependent upon the filing of a C-3 form, "as other documents filed within the two-year window, including medical reports and the employer's report of injury, have been considered in determining whether a claim is timely filed and found to mark the filing of a claim, where the documents 'were sufficient to provide the Board with the facts of the injury from which it might be reasonably inferred that a claim for compensation was being made' " (Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1071-1072 [brackets omitted], quoting Matter of Jones v Servisair LLC, 180 AD3d 1313, 1315 [3d Dept 2020]). " '[A]ny notice which conveys to the Board that the claimant is claiming the compensation and benefits of the Workers' Compensation Law is sufficient' " (Matter of McCutcheon v Public Serv. Dept., 290 AD2d 679, 680 [3d Dept 2002] [brackets and emphasis omitted], quoting Matter of Kaplan v Kaplan [*3]Knitting Mills, Inc., 248 NY 10, 17 [1928]; accord Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072). To that end, "whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Jones v Servisair LLC, 180 AD3d at 1315 [internal quotation marks and citations omitted]; accord Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072; see Matter of Perry v DOCCS Clinton Corr. Facility, 218 AD3d 973, 974 [3d Dept 2023]).
The PA's medical report filed shortly after claimant's snow shoveling incident at work reflected the date and mechanism of injury, diagnosis of lumbar degenerative disc disease and paresthesia of the left leg and noted that the incident was the competent medical cause of his injury. Although that medical report was filed with the Board in connection with the 2008 prior established claim indicating that the injury was thought to be an exacerbation of such prior injury, that medical report clearly reflects claimant's intention to file a claim for compensation. Accordingly, substantial evidence supports the Board's decision that it received sufficient notice of a claim for compensation within two years of the alleged accident (see Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072). The employer's reliance on Matter of Kaplan v New York City Tr. Auth. (162 AD3d 1194 [3d Dept 2018]) is misplaced. In that case, the Board erroneously relied on medical evidence from another case file, without such evidence being submitted into evidence or disclosed to the claimant, to find that a claim was not compensable. Here, the pertinent issue is whether the Board received sufficient notice to meet the threshold of filing of a timely claim, and, as noted by the Board, the ultimate determination of the compensability of the instant claim as a new accident or exacerbation of a prior injury requires further development of the record.
Clark, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.