Matter of Foster v Monadnock Constr. Inc. (2026 NY Slip Op 00554)

Matter of Foster v Monadnock Constr. Inc.

2026 NY Slip Op 00554

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CV-24-1581
[*1]In the Matter of the Claim of John Foster, Claimant,
vMonadnock Construction Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Goldberg Segalla LLP, Rochester (Bradford J. Reid of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 27, 2024, which ruled that claimant's claim was not barred by Workers' Compensation Law § 28.
Claimant, a laborer, was injured on the job in May 2020 when a ladder struck him in the face. The Workers' Compensation Board was notified of the injury several days later and, as the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) accepted liability for claimant's facial injuries, no further action was taken. There matters stood until the spring of 2023, when claimant's physicians sought authorization for various medications and treatment to tackle what they diagnosed as a traumatic brain injury, postconcussion syndrome, cognitive deficits and headaches that were causally linked to the injuries he sustained in the 2020 accident. The carrier declined to accept liability for those conditions, prompting claimant to file a claim for workers' compensation benefits in June 2023. The carrier argued in response that, even accepting that the new conditions were related to the 2020 accident, the claim for benefits relating to them was barred by the two-year limitations period set forth in Workers' Compensation Law § 28. Following further proceedings, the Board disagreed. The carrier appeals.
We affirm. The relevant portion of Workers' Compensation Law § 28 provides that "[t]he right to claim compensation . . . shall be barred . . . unless within two years after the accident . . . a claim for" workers' compensation benefits is filed with the Board (see Matter of Garcia v WTC Volunteer, ___ NY3d ___, ___, 2025 NY Slip Op 06360, *1 [2025]; Matter of Davenport v Oxford Cent. Sch. Dist., 236 AD3d 1264, 1266 [3d Dept 2025]). The filing of a claim is not necessarily measured from the date the injured employee submits a claim form; rather, a claim is deemed filed at the point that the "claim form or other documents are sufficient to provide the Board with the facts of the injury from which it might be reasonably inferred that a claim for compensation was being made" (Matter of Perry v DOCCS Clinton Corr. Facility, 218 AD3d 973, 974 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Davenport v Oxford Cent. Sch. Dist., 236 AD3d at 1267). The question of whether a claim was filed in a timely manner is a factual one for the Board to resolve, and its determination will not be disturbed if supported by substantial evidence in the record as a whole (see Matter of Davenport v Oxford Cent. Sch. Dist., 236 AD3d at 1267; Matter of Cotterell v Trinity Health Corp., 209 AD3d 1071, 1071 [3d Dept 2022]).
Here, although claimant did not file a claim or seek indemnity benefits in the wake of the 2020 accident, the Board was promptly notified that the accident had occurred and that the carrier had accepted liability for the injuries claimant sustained in it. The Board was further provided in November 2020 with the medical records from [*2]claimant's treatment at a hospital emergency department in the hours after the accident, and those records documented how claimant had not only sustained lacerations on his left cheek, a facial contusion and a large hematoma with swelling around his left eye, but had also complained to treatment providers of having been lightheaded after he was struck by the ladder and of experiencing pain that was radiating through his head. The records also indicated how claimant was kept under observation in the emergency department and underwent a CT scan with contrast to assess the extent of trauma to his jaw and face.
Notwithstanding the carrier's arguments to the contrary, the foregoing proof constitutes substantial evidence to "support[ ] the Board's decision that it received sufficient notice of a claim for compensation within two years of the alleged accident" (Matter of Davenport v Oxford Cent. Sch. Dist., 236 AD3d at 1267; see Matter of Cotterell v Trinity Health Corp., 209 AD3d at 1072; Matter of McCutcheon v Public Serv. Dept., 290 AD2d 679, 680 [3d Dept 2002]). As the Board noted, the timeliness of that claim would not be impacted if claimant ultimately demonstrated that the alleged conditions for which he sought treatment in 2023 arose out of his initial injuries, as "the two-year time limit set forth in Workers' Compensation Law § 28 does not bar amendment of the timely claim to include" consequential injuries (Matter of Palevsky v New York City Bd. of Educ., 246 AD2d 836, 837 [3d Dept 1998], lv dismissed 92 NY2d 876 [1998], lv denied 93 NY2d 818 [1999]; see Matter of Traver v Rickkard Constr. Co., 286 AD2d 808, 809 [3d Dept 2001]). To the extent that they are not addressed by the foregoing, the carrier's arguments have been examined and are lacking in merit.
Garry, P.J., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.